IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SUNDOWN ENERGY LP** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| v. | § | CIVIL CASE NO. _____ |
| | § | |
| | § | |
| **CHUBB LLOYDS INSURANCE** | § | |
| **COMPANY OF TEXAS AND** | § | |
| **VIGILANT INSURANCE COMPANY** | § | |
| | § | |
| **Defendants** | § | |

## JOINT NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendants Chubb Lloyds Insurance Company of Texas ("Chubb Lloyds") and Vigilant Insurance Company ("Vigilant") respectfully notifies this Court of removal of the above-entitled action to the United States District Court for the Northern District of Texas, Dallas Division and for their Joint Notice of Removal states:

### I.
### PROCEDURAL HISTORY

1. This action, entitled *Sundown Energy LP vs. Chubb Lloyds Insurance Company of Texas and Vigilant Insurance Company*, pending in the 162nd Judicial District Court of Dallas County, Texas, Cause No. DC-17-14024 was commenced against Defendants via the filing of Plaintiff's Original Petition (the "Petition") on or about October 11, 2017.

2. Defendant Chubb Lloyds was served with the citation and Petition on October 25, 2017.

3. Defendant Vigilant was served with the citation on November 6, 2017. A Petition was not included. Vigilant waives service of the Petition.

4. Accordingly, this notice of removal is timely filed pursuant to 28 U.S.C. § 1446(b).

5. Plaintiff alleges causes of action against Defendants for unfair claim settlement practice, breach of duty of good faith and fair dealing, and failure to comply with prompt payment statute. *See* Petition at 4-6, Paragraphs VI(B-D). Alternatively, Plaintiff sues Defendants for breach of contract. *See* Petition at 3, Paragraph VI(A). Plaintiff seeks "actual damages incurred in the past and additional economic damages that will be incurred in the future" and "exemplary damages." *Id.* at 7, Paragraph (VI)(C). Plaintiff also seeks to recover "the additional sum of 18 percent per annum on Plaintiff's damages" as well as attorney's fees. *Id.* at 8, Paragraph (VI)(D).

## II.
## CITIZENSHIP OF THE PARTIES

6. Plaintiff is a limited partnership with a principal place of business in Dallas County, Texas. *Id.* at 1. On information and belief, Plaintiff is and was at the time this action commenced, a citizen of the State of Texas.

7. Defendant Chubb Lloyds Insurance Company of Texas is an unincorporated association; therefore, its citizenship for purposes of determining diversity jurisdiction is determined solely by the citizenship of each of its members. *See Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F. 3d 877, 882-883 (5th Cir. 1993), *cert. denied* 522 U.S. 815 (1997). Eight of the eleven members of Chubb Lloyds are now, and were at the time this action was commenced, citizens of the State of New Jersey. Two of the members are now, and were at the time this action was commenced, citizens of the State of New York. The final member is now and was at

the time this action was commenced a citizen of the Commonwealth of Pennsylvania. None of the members of Chubb Lloyds are now or were at the time this action was commenced citizens of the State of Texas. Therefore, Chubb Lloyds is now, and was at the time this action was commenced, a citizen of New Jersey, New York and Pennsylvania.

8. Defendant Vigilant is incorporated in the State of New York. Vigilant's principal place of business is in the State of New Jersey. Vigilant is not a citizen of the State of Texas. Vigilant was not a citizen of the State of Texas at the time this action was commenced. Therefore, Vigilant is now, and was at the time this action was commenced, a citizen of New York and New Jersey.

9. Defendants are not citizens of the State of Texas and were not citizens of the State of Texas at the time this action commenced. Thus, removal is proper because there is complete diversity among the parties under 28 U.S.C. § 1332.

### III.
### VENUE AND JURISDICTION

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district and division.

### IV.
### AMOUNT IN CONTROVERSY

11. Plaintiff seeks monetary relief in excess of $200,000 but not more than $1,000,000. *See* Petition at 6, Paragraph VII. Thus, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied because it is "facially apparent" the amount in controversy exceeds $75,000. *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

## V.
## ATTACHMENTS

12. In accordance with 28 U.S.C. § 1446(a) and Local Rule 81.1 of the Northern District of Texas, Defendants has attached to this Notice of Removal an appendix containing the required documents. *See* Exhibit A.

## VI.
## NOTICE TO STATE COURT

13. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this notice of removal will promptly be given to all parties and to the clerk of the 162nd Judicial District Court of Dallas County, Texas.

## VII.
## JURY DEMAND

14. Pursuant to Federal Rule of Civil Procedure 38, Defendants demands a trial by jury.

## VIII.
## CONCLUSION

15. WHEREFORE, PREMISES CONSIDERED, Defendants respectfully gives notice this state court action has been removed and placed on this Court's docket for further proceedings. Defendants further request any additional relief to which it may be justly entitled.

Respectfully submitted,

*/s/ Kent M. Adams*
**Kent M. Adams**
Attorney-in-Charge
Texas State Bar No. 00869200
Email: kent.adams@wilsonelser.com
**Samantha P. Torres**
Texas State Bar No. 24088544
Email: samantha.torres@wilsonelser.com

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**
909 Fannin Street, Suite 3300
Houston, Texas 77010
(713) 353-2000 Telephone
(713) 785-7780 Facsimile

**ATTORNEYS FOR DEFENDANTS CHUBB LLOYDS INSURANCE COMPANY OF TEXAS AND VIGILANT INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record in accordance with the Federal Rules of Civil Procedure, on this the 20th day of November, 2017.

John R. Lively
John R. Lively, Jr.
Lively & Associates, PLLC
301 Commerce Street, Suite 2900
Fort Worth, Texas 76102
(817) 338-1030 Telephone
(817) 338-1050 Facsimile
Jr.Lively@LivelyLLP.com

*/s/ Kent M. Adams*
KENT M. ADAMS