FILED
DALLAS COUNTY
10/11/2017 1:53 PM
FELICIA PITRE
DISTRICT CLERK

Crystal McDowel

Cause No. \_\_\_DC-17-14024_____

| | | |
|---|---|---|
| SUNDOWN ENERGY LP | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | |
| | § | \_\_\_\_ JUDICIAL DISTRICT |
| CHUBB LLOYDS INSURANCE COMPANY | § | |
| OF TEXAS AND VIGILANT INSURANCE | § | |
| COMPANY | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Sundown Energy LP, hereinafter referred to as Plaintiff or Sundown, complaining of Chubb Lloyds Insurance Company of Texas and Vigilant Insurance Company hereinafter referred to as Defendants, and files this its Original Petition, and for same would respectfully show the Court the following:

## I.
## PARTIES

Sundown Energy LP is a Texas limited partnership duly formed and existing under the laws of the State of Texas and whose principal place of business is located in Dallas County, Texas.

Chubb Lloyds Insurance Company of Texas is a Texas corporation duly formed and existing under the laws of the State of Texas and licensed to write insurance in Texas and may be served by serving its Registered Agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Vigilant Insurance Company is a foreign corporation duly formed and existing under the laws of the State of New York and licensed to write insurance in Texas and may be served by serving its Registered Agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## II.
## VENUE & JURISDICTION

Venue is proper in Dallas County pursuant to Section 15.032 of the Texas Civil Practice and Remedies Code, as Dallas County is the county in which the policy holder instituting this suit resided at the time the cause of action accrued. Further, this Court has jurisdiction over the cause as the amount in controversy is within the jurisdictional limits of this Court.

## III.
## DISCOVERY LEVEL

Plaintiff intends to conduct discovery in this cause under Discovery Control Plan Level 2 pursuant to 190.3 of the Texas Rule of Civil Procedure Section.

## IV.
## CONDITIONS PRECEDENT

All conditions precedent necessary to Plaintiff's recovery have been performed, have occurred, or have been excused or waived.

## V.
## FACTS

On or about December 26, 2015, a lightning strike occurred during a heavy snowstorm at a well located in Lea County, New Mexico and operated by Plaintiff. The main tank battery at the well was struck resulting in a large salt water spill. At the time of the incident, Plaintiff maintained an insurance policy through the Defendants that provided coverage for the subject well. On December 28, 2015, Plaintiff Sundown, through Defendants' agent, submitted a Pollution General Liability Notice of Occurrence / Claim. In connection with the submission, Sundown requested that Robert Townsend, an adjuster for Defendant Chubb, to be assigned to the claims. Mr. Townsend had worked on other claims that Sundown had made over the years.

Subsequently, on December 29, 2015, correspondence was sent to Defendant Chubb through Mr. Townsend resubmitting the Notice of Claim and stating that the typical confirmation that the claim was received and assigned had not been sent by Defendant Chubb. It was requested that Defendant Chubb verify that the claim was received and to provide the confirmation with the assigned claim number. On December 29, 2015, Sundown submitted the claim to the State of New Mexico Energy Minerals and Natural Resources Oil Conservation Division.

On January 4, 2016, another email was sent to Mr. Townsend stating that nothing had been received from Defendant Chubb and requesting confirmation that the claim had been assigned and its assigned claim number. On that day, Mr. Townsend responded stating that a file had not been set up and the information was forwarded to their people who set files up. Sundown responded requesting that Defendant Chubb fax or email documentation with the assigned claim number. On January 5, 2016, Sundown again followed up with Mr. Townsend requesting the assigned claim number. He responded that a claim number would be provided as soon as one was established. During this period, Defendants did set up a claim. However, without notifying Plaintiff, Defendants failed and refused to investigate the claim. Instead, Defendants closed the claim file. Despite a claim having been made within the policy period, Defendants now allege that the first time a claim was made was September 2016, and has denied coverage claiming that it was outside of the required time frame.

## VI.
## CAUSES OF ACTION

### A. Breach of Contract

Defendants' conduct as set forth herein constitutes breach of contract. Defendants breached their contractual obligation to investigate and pay Plaintiff's Policy benefits for claims made for covered losses.

As a proximate result of Defendants' conduct, Plaintiff has suffered actual damages incurred in the past and additional economic damages that will be incurred in the future for which Plaintiff sues Defendants, in an amount within the jurisdictional limits of this Court. Plaintiff also sues for the recovery of reasonable and necessary attorney's fees.

**B. Unfair Claim Settlement Practices**

After having received notice of Plaintiff's loss clearly covered by the insurance policy, as set forth in the preceding paragraphs, Defendants engaged in several unfair settlement practices, as enumerated and defined as unfair or deceptive in Section 541.060(a) of the Texas Insurance Code and Section 17.46(b) of the Texas Business and Commerce Code, including but not limited to the following:

a. Misrepresenting material facts or the policy provisions relating to coverage of the insurance contract made the basis of this suit.

b. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim once Defendants' liability became reasonably clear.

c. Failing to affirm or deny coverage within a reasonable time.

d. Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim.

e. Refusing to pay the claim without first conducting a reasonable investigation of the matter.

Plaintiff will show that these acts and omissions of Defendants were done knowingly, that is with an actual awareness of the falsity, unfairness, or deception of the conduct described. Consequently, Plaintiff requests that the trier of fact award additional damages of up to three times the sum of actual damages suffered.

### C. Breach of Duty of Good Faith and Fair Dealing

From and after the time Plaintiff's claim was presented to Defendants, Defendants' liability to pay the claim in accordance with the terms of the insurance policy attached as Exhibit A was reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny payment of Plaintiff's claim, Defendants refused to accept the claim and pay Plaintiff as the policy required.

At that time, Defendants knew or should have known by the exercise of reasonable diligence that liability and coverage were reasonably clear. In this regard, Plaintiff will show that Defendants failed to conduct a reasonable, proper investigation of the claim and refused to rely on the true facts, resorting instead to producing faulty, incomplete, and biased reasons as subterfuges to avoid paying a valid claim.

Consequently, Defendants breached their duty to deal fairly and in good faith with Plaintiff. Defendants' breach was a proximate cause of the losses, expenses, and damages suffered by Plaintiff.

The breach of duty by Defendants was aggravated by the kind of fraud for which the law allows the imposition of exemplary damages. Defendants' conduct included the making of a material representation that was false and either known by Defendants to be false or made as a positive assertion with reckless disregard for the truth. Defendants intended that the representation would be relied upon by Plaintiff and, in fact, Plaintiff did rely on the representation and suffered harm as a result. Plaintiff, therefore, seeks exemplary damages in an amount to be assessed by the trier of fact.

**D. Failure to Comply With Prompt Payment Statute**

On December 29, 2015, Plaintiff notified Defendants of the facts relating to the Plaintiff's claim under the policy of insurance as detailed above. Thereafter, Defendants acknowledged receipt of the claim. However, Defendants never requested any documentation of the damages or other information relating to the extent of the spill from the Plaintiff or even send an adjuster to examine the property. The Plaintiff fully cooperated with Defendants and furnished all of the items, statements, bills, and other information related to the remediation of the damages resulting from the spill. On February 27, 2017, Plaintiff received a letter from Defendants rejecting the claim and refusing to pay the benefits afforded by the policy of insurance. Demand was again sent on June 13, 2017, demanding that Defendants pay the claim pursuant to the terms and obligations under the Policy. Although more than 60 days elapsed from the time Defendants received the demand, the claim was not paid. Thus, Plaintiff is entitled to recover the additional sum of 18 percent per annum on Plaintiff's damages as described in this petition from the date payment became due under the statutory timetable until the day before the judgment is signed.

## VII.
## RULE 47

In accordance with Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $200,000, but not more than $1,000,000.

## VIII.
## ATTORNEY'S FEES

Plaintiff Sundown Energy LP respectfully requests that the Court award it necessary and reasonable attorney's fees pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code and the Texas Business and Commerce Code.

## IX.
## PRAYER

WHEREFORE, Plaintiff requests that Defendants be cited to appear and answer and that upon final hearing, Plaintiff have judgment against Defendants, together with prejudgment interest at the lawful rate, post-judgment interest at the lawful rate, costs of court, attorney's fees, and for such other and further relief, at law or in equity to which Plaintiff is justly entitled.

LIVELY & ASSOCIATES, PLLC
301 Commerce Street, Suite 2900
Fort Worth, Texas 76102
817-338-1030 Telephone
817-338-1050 Facsimile
Jr.Lively@LivelyLLP.com


   /s/ John R. Lively
John R. Lively
State Bar I.D. # 12435000
John R. Lively, Jr.
State Bar I.D. # 24034542

*Attorneys for Plaintiff*

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ❏ 2  U.S. Government Defendant
- ❏ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | | | ❏ 740 Railway Labor Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:**   ❏ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44**

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)**  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)**  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.